IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEANETTA WILSON, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ]   CV-09-PWG-1529-S |
| | ] |
| HAMPTON INNS MANAGEMENT LLC, | ] |
| | ] |
| | ] |
| Defendant. | |

## MEMORANDUM OPINION

This matter comes before the court on "Defendant, Hampton Inns Management, LLC's, Objections to Order Pursuant to Paragraph 5, General Order of Reference" (doc. 15).  The matter was referred to the undersigned judge for ruling on the objections.

The court reviewed *de novo* the submissions by both parties as to Defendant's objections as well as the underlying briefs and exhibits submitted regarding Defendant's "Motion to Dismiss or, Alternatively, To Transfer" (doc. 4).  The court then considered Judge Greene's "Order Pursuant to Paragraph 5, General Order of Reference" (doc. 13).  For the reasons stated below, the court finds the objections are not well taken and are due to be denied.  Further, the Order is due to be accepted in full and the Motion to Dismiss denied.

Although its original Motion to Dismiss raised numerous grounds, Defendant raises only two challenges to Judge Greene's Order.  First, Defendant argues, in essence, that Judge Greene erroneously treated its motion as a motion to dismiss and not a motion for summary judgment, applied the wrong standard to Plaintiffs' response, and abused his discretion in allowing

1

Plaintiffs discovery on the issue of whether Hampton is the wrong defendant.  Second, Defendant asserts that "the Order has misconstrued the affidavits submitted by Hampton and has misapplied the facts stated in those affidavits to the legal obligations of the Plaintiffs in this action." Objection at 2.  The two objections can be treated simultaneously because if Judge Greene applied the correct standard, denying the motion – as either a motion to dismiss or motion for summary judgment – was correct at this juncture.

When Defendant filed its motion, it denominated it as a "Motion to Dismiss Or, Alternatively, Motion to Transfer" (doc. 4).  While it attached exhibits to the motion, thus making it appropriate under certain circumstances for the court to convert it to a motion for summary judgment, it did not elect to title its motion as a alternative motion for summary judgment.  The motion, in typical shotgun fashion, challenged subject matter jurisdiction, personal jurisdiction over it, and venue.  Matters outside the pleadings can be appropriately considered on such challenges without converting the motion to dismiss to a motion for summary judgment.  See F.R.C.P. 12(d); *see Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)

Nothing on the face of the pleading nor in the motion itself alerted the court or the Plaintiffs that the exhibits attached to the brief went to the F.R.C.P. 12(b)(6) challenge of the complaint's "failure to state a claim [against Hampton] upon which relief could be granted" – a challenge in support of which matters presented outside of the pleadings works a conversion of a motion to dismiss to a motion for summary judgment.  See F.R.C.P. 12(d); *See Bryant*, 530 F.3d at 1376.  (Noting that a judge may consider facts outside pleadings without converting motion to dismiss to motion for summary judgment <u>if</u> factual disputes do not decide the merits).  Rule 12(d) further requires that "all parties must be given a reasonable opportunity to present <u>all</u> the

material that is pertinent to the Motion." (emphasis added). To be able to present all material pertinent to Defendant's challenge that it had nothing to do with the ownership or operation of the hotel identified as "Hampton Inn" at Daytona Beach, the Plaintiffs should have the opportunity to conduct discovery. *See Reflectone Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989) (Generally, "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery.") That need is particularly keen where, as here, the motion is made within thirty-two days of the filing of the complaint, and the information needed to refute the evidence presented lies within the Defendant's own knowledge.

Judge Greene's ruling strikes an appropriate balance between the Defendant's desire to have a prompt ruling on the appropriateness of being named a defendant in this suit and the Plaintiffs' need to have an opportunity to discover what, if any, connection exists between Defendant Hampton Inns Management, LLC and whatever entity owns/operates/manages the hotel in Dayton Beach, Florida that operates under the name of "Hampton Inn."

Therefore, the Defendant's objections to Judge Greene's Order (doc. 13) should be overruled. A separate order to that effect will be entered.

DONE and ORDERED this 21st day of June 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE